OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 In the daylight hours of March 1991, plaintiff walked to the north side entrance of the H. Lee Dennison Building in Hauppauge, New York. She ascended the steps from the parking lot to a plaza area where she stumbled and fell over a cement slab that was elevated at an angle "a little over a half-inch above the surrounding paving slabs.” The issue on this appeal is whether a defect consisting of a one-half inch elevation of a cement slab in the plaza area of a municipal building is nonactionable as a matter of law. We hold there is no "minimal dimension test” or per se rule that a defect must be of a certain minimum height or depth in order to be actionable. However, we conclude that the Appellate Division properly dismissed plaintiff’s claim after its examination of all the facts and circumstances presented, including the dimension of the defect at issue.
 

 There is no rule that municipal liability, in a case involving minor defects in the pavement, "turns upon whether the hole or depression, causing the pedestrian to fall, is four inches — or any other number of inches — in depth”
 
 (Loughran v City of New York,
 
 298 NY 320, 321-322;
 
 Wilson v Jaybro Realty & Dev. Co.,
 
 289 NY 410, 412). Instead, whether a dangerous or defective condition exists on the property of another so as to create liability " 'depends on the peculiar facts and circumstances of each case’ and is generally a question of fact for the jury”
 
 (Guerrieri v Summa,
 
 193 AD2d 647 [citations omitted]). Of course, in some instances, the trivial nature of the defect may loom larger than another element. Not every injury allegedly caused by an elevated brick or slab need be submitted to a jury
 
 (see, e.g., Hecht v City of New York,
 
 60 NY2d 57, 61 [claim involving trivial gap between two flagstones of the sidewalk was properly dismissed]). However, a mechanistic disposition of
 
 *978
 
 a case based exclusively on the dimension of the sidewalk defect is unacceptable. After examination of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the "time, place and circumstance” of the injury
 
 (Caldwell v Village of Is. Park,
 
 304 NY 268, 274), the court correctly concluded that no issue of fact was presented. In view of this disposition, we need not reach appellant’s remaining arguments.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed, with costs, in a memorandum.