■ LORRAINE COAKLEY, Appellant, v CITY OF NEW YORK, Defendant, and METROPOLITAN LIFE INSURANCE COMPANY et al., Respondents. (And Other Third-Party Actions.) [730 NYS2d 72] —Order, Supreme Court, New York County (Dominick Viscardi, J.), entered on or about June 1, 2000, which granted the motions of defendants and third-party plaintiffs and second third-party plaintiffs to dismiss the complaint, unanimously reversed, on the law, without costs, the complaint and the jury's verdict reinstated as against defendant and third-party plaintiff and second third-party plaintiff Metropolitan Life Insurance Company, and the matter remanded for further proceedings.

Plaintiff testified that as she was walking back from lunch to the employees' entrance to the post office on Lexington Avenue at 45th Street, she turned right onto Depew Place "by a pole," and the flat heel of her left shoe got caught on something. As she tried to regain her balance with her right foot, she looked down and saw "a strip with the hole in it in which my left shoe was caught," before tumbling over twice into the gutter. The "strip" was an expansion joint in the sidewalk in front of 200 Park Avenue, a building owned by defendant and third-party plaintiff and second third-party plaintiff Metropolitan Life Insurance Company (Met Life). A photograph of the corner was admitted into evidence depicting, *inter alia*, the expansion joint and a column that supports the roadway overpass for vehicular traffic on Park Avenue.

Plaintiff's engineer and safety expert testified that the joint runs the length of 45th Street between Vanderbilt Avenue and Depew Place, close to the wall of the terrace of the Met Life building, and then across the sidewalk at the corner of 45th Street and Depew. He said that the column prevents someone walking past 200 Park Avenue toward that corner from seeing the joint in the sidewalk until he or she reaches it, unless the pedestrian is looking down at his or her feet on this busy street. The expert described the placement of the joint across the sidewalk as a "trap," i.e., something that "comes upon you without your having had an opportunity to view it." He also testified that the entire heel of a shoe need not be wedged into the space in an expansion joint for it to be caught, because the back or the front of the heel could catch on one portion of the joint.

The trial court set aside the verdict that Met Life was 70% and plaintiff 30% liable for the accident, noting that, while the expert testified that the column blocked the expansion joint "out of what is called your line of sight," his statement that,

because of the movement of the joint, "at different times, it becomes a tripping hazard," was mere speculation. The court observed that the expert's testimony was not that the joint in and of itself was defective, but essentially that the joint worked as it was designed to work.

Whether a dangerous or defective condition exists on property so as to create liability " ' "depends on the peculiar facts and circumstances of each case" and is generally a question of fact for the jury' (*Guerrieri v Summa*, 193 AD2d 647 [citations omitted])" (*Trincere v County of Suffolk*, 90 NY2d 976, 977). A jury's verdict may be set aside on the ground that as a matter of law it is not supported by the evidence only if "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499).

Defendant Met Life was responsible for the placement of the expansion joint, on which a heel could get caught, across the sidewalk out of sight of a pedestrian approaching it from around the corner and on the other side of a column. We cannot say that there is no "valid line of reasoning and permissible inferences" by which rational persons could reach the conclusion that Met Life bore a large part of the responsibility for plaintiff's accident. Concur—Sullivan, P. J., Nardelli, Ellerin and Marlow, JJ.