■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL LLUVERES, Appellant. [755 NYS2d 601] —Judgment, Supreme Court, Bronx County (Robert Seewald, J.), rendered May 29, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490 [1987]). Questions of credibility and identification were properly presented to the jury, and there is no basis for disturbing its findings. The jury could have reasonably concluded that the inconsistencies in the undercover officer's testimony were satisfactorily explained. Concur—Nardelli, J.P., Buckley, Rosenberger and Marlow, JJ.

■ BRUCE GERBER, Respondent, v WEST HEMPSTEAD CONVENIENCE, INC., Appellant, et al., Defendants. [756 NYS2d 553] —Order, Supreme Court, New York County (Edward Lehner, J.), entered September 20, 2002, which denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Defendant West Hempstead Convenience, Inc., in moving for summary judgment, contends that the alleged defect upon its premises to which plaintiff attributes his trip and fall and ensuing harm was trivial and hence nonactionable (see Trincere v County of Suffolk, 90 NY2d 976 [1997]). We cannot conclude, however, that the alleged defect, an area of missing tile in the entranceway of defendant-appellant's store, was so insignificant. A factual issue is posed as to whether the defect constituted a tripping hazard and, accordingly, summary judgment was properly denied (see Argenio v Metropolitan Transp. Auth., 277 AD2d 165 [2000]). Concur—Nardelli, J.P., Buckley, Rosenberger and Marlow, JJ.