Cohen v Empire City Subway Co. (Limited) (2003 NY Slip Op 51477(U))

[*1]

Cohen v Empire City Subway Co. (Limited)

2003 NY Slip Op 51477(U)

Decided on November 26, 2003

Supreme Court, New York County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through April 17, 2015; it will not be published in the printed Official Reports.

Decided on November 26, 2003

Supreme Court, New York County,
 Howard M. Cohen, Plaintiff, - -
against
Empire City Subway Company (Limited), Consolidated Edison Company of New York, Inc., Bell Atlantic, Inc. (presently known by the fictitious name Verizon Communications), and The City of New York, Defendants.
Index No. 120070/00

MICHAEL D. STALLMAN, J.
Plaintiff alleges that on September 23, 1999, at approximately 9:30 a.m., while crossing East 47th Street on the west side of Madison Avenue, he tripped and fell in a crosswalk when his foot caught on the elevated edge of a metal construction plate.
The defendant-movants seeks summary judgment, simultaneously asserting that the subject condition was both "open and obvious" and a "trivial defect," making it unactionable. These motions prompt reexamination of two frequently argued, difficult to apply, exceptions to tort liability.
I
Defendants Empire City Subway Company, Bell Atlantic and The City of New York [FN1] contend that the metal plates constituted an open and obvious condition because of their large size and plaintiff's familiarity with them before the accident.
The "open and obvious defect" exception derives from the common sense proposition that one who voluntarily encounters an obvious danger voluntarily assumes the risk of injury. Evaluation of a hazard and the parties' respective liability requires analysis of the underlying circumstances, including the plaintiff's familiarity with the route and the visibility of the hazard, which ordinarily present triable questions of fact. (Argenio v Metropolitan Transp. Auth., 277 [*2]AD2d 165, supra; Stern v Ofori-Okai, 246 AD2d 807 [3d Dept 1998]). A hazard is open and obvious if its dangerous nature "can be readily observed with the normal use of one's senses" (see Russell v Archer Bldg. Ctrs., Inc., 219 AD2d 772, 773 [3d Dept 1995] . It is neither dispositive nor disputed that the plates themselves were obvious, and that plaintiff previously saw them. At issue is whether the alleged one inch height differential between the plates was hazardous and "open and obvious."
Plaintiff testified at deposition that he had been familiar with the intersection for 10 years, having crossed it almost daily while walking to work in good weather. Plaintiff testified that he was aware before the accident of construction at the intersection including the presence of approximately 10-to-12-feet wide metal plates. However, plaintiff further testified that he did not observe that the edge of one plate was elevated above the edge of an abutting plate until after the accident.
Merely because a one-inch height differential may be observable if one looks directly at the elevation, or perceptible if one steps on it, does not make it open and obvious as a matter of law. Rather, the issue is whether a reasonably prudent pedestrian would have noticed it while walking in plaintiff's steps under the same circumstances. This presents a classic jury issue.
II
The "trivial defect" exception is intended to exclude from tort liability minor, inconsequential physical defects that would be virtually impossible for someone in control of property to discover or prevent. In order to determine whether a defect is trivial as a matter of law, the court must examine all the evidence presented, including the width, depth, elevation, irregularity and appearance of the alleged defect, along with the time, place, and circumstances of the accident (see Trincere v County of Suffolk, 90 NY2d 976 [1997]; Caldwell v Village of Isl. Park, 304 NY 268 [1952]; Rivera v 2300 X-Tra Wholesalers, Inc., 239 AD2d 268 [1st Dept 1997]). The court must then determine if there is a triable factual question. If there is none and the undisputed evidence inexorably indicates that the defect is indeed trivial as a matter of law, summary judgment would be appropriate. However, in most cases, "whether a dangerous or defective condition exists so as to create liability 'depends on the peculiar facts and circumstances of each case and is * * * a question of fact for the jury,' " (Trincere v County of Suffolk, supra, 90 NY2d at 977, citing Guerrieri v Summa, 193 AD2d 647, 647 [2d Dept 1993].
Plaintiff testified at deposition that he tripped where a metal construction plate containing the legend, ECS 266, abutted the plate containing the legend, ECS 401, and that the edge of one plate was elevated about one inch higher than the other plate. Plaintiff has submitted copies of photographs of the elevated edge of the plate which he took several hours after the accident. Examination of the photographs indicates an abrupt vertical difference in elevation. "While a gradual, shallow depression is generally regarded as trivial***, the presence of an edge which poses a tripping hazard renders the defect nontrivial" (Argenio v Metropolitan Transp. Auth., 277 AD2d 165, 166 [1st Dept 2000].
On the evidence presented, this Court cannot say that the height differential was so insignificant as a matter of law as to be non actionable. The evidence raises triable issues of material fact regarding the circumstances of the accident so as to preclude summary judgment (see Santulli v City of New York, 287 AD2d 352 [1st Dept 2001]).
CONCLUSION
[*3]
"Open and obvious" and "trivial defect" are distinct concepts. Under these circumstances, it is logically inconsistent to make both arguments simultaneously about the same alleged defect. Indeed, if a height differential between two roadway plates is indeed open and obvious, and if it existed when the plates were installed, it should have been as open and obvious to those who initially placed the plates (e.g., employees of a defendant or subcontractor) thereby causing and creating the condition.
 Movants have not met their burden of proving that the alleged condition was either trivial, or open and obvious, as a matter of law. Whether the site was hazardous, and whether anyone was negligent and caused plaintiff's accident, must be determined at trial.
Dated: November 26, 2003
 ENTER:
S/
____________________________________
(Edited for Publication)
 J.S.C.
Decision Date: November 26, 2003
Footnotes

Footnote 1: In a separate branch of the City's motion, granted without opposition, the City sought dismissal because of lack of prior written notice under N.Y.C. Admin. Code § 7-201[c] (the "Pothold Law") and because the City did not cause or create the alleged defect. See complete decision under Index No. 120070/00.