■ DIANE FEDEROWICZ et al., Respondents, v THE BON-TON DEPARTMENT STORE, INC., Appellant. [810 NYS2d 714]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered January 21, 2005 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Diane Federowicz when she allegedly tripped and fell on a chip in the tile flooring in defendant's store. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Although defendant contended in support of its motion that the alleged defect was trivial as a matter of law, we conclude on the record before us that there is an issue of fact with respect thereto (*see Gerber v West Hempstead Convenience*, 303 AD2d 212 [2003]; *Nin v Bernard*, 257 AD2d 417 [1999]; *see also Stewart v 7-Eleven, Inc.*, 302 AD2d 881 [2003]; *see generally Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]). Contrary to the contention of defendant, the open and obvious nature of the defect does not negate its duty to maintain the premises in a reasonably safe condition (*see Pelow v Tri-Main Dev.*, 303 AD2d 940, 941 [2003]). Present—Hurlbutt, J.P., Scudder, Kehoe, Green and Hayes, JJ.