■ EDMUND WIESE et al., Appellants, v TOWN OF LANCASTER, Defendant, and JAMES P. WAGNER et al., Respondents. [817 NYS2d 828]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered April 29, 2005 in a personal injury action. The order granted the motion of defendants James P. Wagner and Tina M. Wagner for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint against defendants James P. Wagner and Tina M. Wagner is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Sharon Wiese (plaintiff) when she tripped and fell on an uneven sidewalk in front of the residence of James P. Wagner and Tina M. Wagner (defendants). Supreme Court erred in granting the motion of defendants for summary judgment dismissing the complaint against them. In support of their motion, defendants submitted the deposition testimony of plaintiff in which she testified that "two sections of sidewalk were pushed in forming a V and the outer edges were raised up. And I tripped on that and fell." They also submitted an affidavit of James Wagner in which he stated that, as shown in the recent photographs annexed to his affidavit, "the change in elevation from one sidewalk tile to the next is approximately one to one and a half inches and at the time of the incident the elevation difference was significantly less." In opposition to the motion, plaintiffs submitted the affidavit of an arborist who asserted that "the combination of vigorous roots from the tree and the ground settling around the service line to the house has caused the sidewalk to become unlevel at [the] address" where plaintiff tripped and fell. We conclude on the record before us that there is an issue of fact whether the uneven sidewalk constituted a dangerous or defective condition (*see generally Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]; *Tesak v Marine Midland Bank*, 254 AD2d 717, 717-718 [1998]). Indeed, it is well settled that "there is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere*, 90 NY2d at 977), and thus defendants are not entitled to summary judgment dismissing the complaint against them. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.