■ MARIA CASTRO, Appellant, v CITY OF NEW YORK et al., Respondents. [955 NYS2d 512]—

The pleadings, General Municipal Law § 50-h hearing testimony, photographs, and the Big Apple Map, viewed together, show that the City did not have written notice of the sidewalk condition which plaintiff alleges caused her to trip and fall (*see* Administrative Code of City of NY § 7-201 [c]; *D'Onofrio v City of New York*, 11 NY3d 581, 585 [2008]; *Roldan v City of New York*, 36 AD3d 484 [1st Dept 2007]). Plaintiff's argument that the City is liable because it is required to maintain the sidewalk pursuant to Administrative Code § 7-210, even if it did not have written notice of the defect, is unavailing (*see Sondervan v City of New York*, 84 AD3d 625 [1st Dept 2011]).

In any event, the photographs plaintiff submitted and the evidence of the circumstances surrounding the accident establish that the defect is trivial in nature, and did not amount to a hazard (*see Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]; *Schwartz v Bleu Evolution Bar & Rest. Corp.*, 90 AD3d 488 [1st Dept 2011]). Concur—Tom, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Clark, JJ.