*446 OPINION OF THE COURT
Lawrence H. Ecker, J.
In this trip and fall case,* defendants Putnam Park Properties LLC, Great American Development & Remodeling, Inc. and Leonard D. Cannavo move for summary judgment, pursuant to CPLR 3212, seeking dismissal of the complaint against each of them. Preliminarily, plaintiff does not oppose dismissal of defendant Leonard D. Cannavo as a party defendant. (Altman aff ¶ 1 n 1.) Accordingly, the caption shall hereafter be amended to reflect this concession. The court has read the deposition transcript of Cannavo, a principal of the corporate defendants, and the deposition of plaintiff.
In her complaint, plaintiff alleges on September 2, 2010, at approximately 5:00 p.m., she was in the process of moving from the third floor apartment she had occupied for seven years, located at 342 Main Street, Port Chester, New York. While descending an exterior three-step stairway with a garbage bag of clothing in her left hand, she lost her footing on the top step due to a defect in the top concrete step, and in the course of losing her step, she reached out to a handrail to her right, which she claims was unsteady. As a result, she was propelled the length of the three steps, causing her to fall and injure herself. Plaintiff claims the defect was a crack in the top concrete step, a one-half-inch chip, as depicted in photographs submitted for the court’s consideration by both parties (plaintiff’s exhibit A; defendant’s exhibit I). According to Cannavo, who is a twice a month visitor to the premises, he had no knowledge or notice that there was a problem with either the top most step or the railing. It is on these basic factual allegations that defendants seek summary judgment of dismissal.
To grant summary judgment, it must clearly appear that no material and triable issue of fact is presented. Issue finding, rather than issue determination, is the key to the procedure. (Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178 [1994]; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957].) In making this determination, the court must view the evidence in the light most favorable to the party opposing the motion, and must give that party the benefit of every inference which can be drawn from the evidence. (Negri v Stop & Shop, 65 NY2d 625 [1985]; Nash v Port Wash. Union Free School Dist., 83 AD3d 136, 146 [2d Dept 2011]; Pearson v *447 Dix McBride, LLC, 63 AD3d 895 [2d Dept 2009].) The moving party is entitled to summary judgment only if it tenders evidence sufficient to eliminate all material issues of fact from the case. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980].) If a party makes a prima facie showing of its entitlement to summary judgment, the opposing party bears the burden of establishing the existence of a triable issue of fact. (Id.; Alvarez v Prospect Hosp., 68 NY2d 320 [1986].)
Defendants argue that dismissal is warranted because the one-half-inch crack or “defect” in issue constitutes a trivial defect as a matter of law, citing Trincere v County of Suffolk (90 NY2d 976 [1997]) and its progeny that hold that a property owner may not be held liable in damages for trivial defects on a walkway, not constituting a trap or nuisance, a consequence of which a pedestrian might stumble, stub her toes or trip over a raised projection. They submit that a deviation as slight as the one-half-inch crack in issue is a “textbook example of a trivial defect.” (Walton aff ¶ 14-18.)
After the instant motion was fully submitted on September 14, 2015, the Court of Appeals addressed the issue of trivial defects in Hutchinson v Sheridan Hill House Corp. (26 NY3d 66 [2015]). In a trilogy of cases, each dealing with the issue of “trivial defect,” the Court found the Appellate Division had erred in dismissing two of the three cases. Significantly, the Court described the parameters of the “trivial defect” doctrine and held that the size and dimension of the defect alone are not the ultimate determining factors. Instead, in reaffirming Trincere, the Court emphasized that a court must look at all the specific facts and circumstances. “[T]here is no ‘minimal dimension test’ or per se rule that a defect must be of a certain minimum height or depth in order to be actionable.” (Trincere at 977.) That is, Trincere recognizes the doctrine that a defect alleged to have caused injury to a pedestrian may be trivial as a matter of law, but it requires a holding of triviality based on all the specific facts and circumstances, not size alone. As the Court stated,
“Trincere and the line of cases in which it stands establish the principle that a small difference in height or other physically insignificant defect is actionable if its intrinsic characteristics or the surrounding circumstances magnify the dangers it poses, so that it ‘unreasonably imperil[s] the safety *448 of’ a pedestrian (Wilson v Jaybro Realty & Dev. Co., 289 NY 410, 412 [1943]).” (Hutchinson at 77-78.) “ [T]he test established by the case law in New York is not whether a defect is capable of catching a pedestrian’s shoe. Instead, the relevant questions are whether the defect was difficult for a pedestrian to see or to identify as a hazard or difficult to pass over safely on foot in light of the surrounding circumstances.” (Id. at 80; see generally Heymann, Size of Defect in Slip and Fall: A Not So Trivial Pursuit, NYLJ, Feb. 4, 2016; Ferstendig, Trivial Pursuit: Don’t Judge a Defect by Its Size, NY St L Dig No. 661 at 3 [Dec. 2015].)
It is within the context of this test that the case now under consideration must be decided. Here, the photographs submitted by defendants show some effort to measure the crack in the upper most step, which for the purpose of this motion, the court finds to be insufficient to entitle defendants to judgment as a matter of law that this is a non-actionable defect, which perhaps is the better way to enunciate the rule, rather than the use of the term “trivial defect.” Hutchinson, quoting Trincere, stated, “For this reason, we noted that ‘whether a dangerous or defective condition exists on the property of another so as to create liability ... is generally a question of fact for the jury.’ ” (26 NY3d at 77; Trincere at 977-978.)
Further, defendants do not address the issue of the alleged faulty railing relative to negligence and proximate cause. Notwithstanding, the bill of particulars attributes plaintiff’s fall to both “a broken step and defective/broken handrail/ banister” (defendant’s exhibit E). Thus, the court finds it is within the jury’s province to find that either or both of these conditions, depending upon the facts as they determine them, the step or the railing, or one or both, were maintained in a negligent manner, thereby becoming the proximate cause of the injuries alleged to have been sustained by plaintiff. These two conditions compel a finding by the court that the entirety of the circumstances must be considered by the trier of fact, consistent with the holding in Hutchinson. Here again, as pointed out by plaintiff, there is an issue of both the condition of the step and the condition of the railing. (Antonia v Srour, 69 AD3d 666 [2d Dept 2010] [summary judgment denied defendant in trip and fall case where plaintiff was descending stairs and tried to grab onto handrails which were not present].) It follows, therefore, that defendant’s motion for summary judgment, other than as to Cannavo, must be denied.
*449 Accordingly, it is hereby ordered that the motion for summary judgment, made pursuant to CPLR 3212, as to defendants Putnam Park Properties LLC and Great American Development Building and Remodeling, Inc. is denied; and it is further ordered that the motion for summary judgment as against defendant Leonard D. Cannavo is granted as unopposed, and the complaint as against Leonard D. Cannavo, is dismissed; and it is further ordered that the caption of this matter shall be hereafter amended such that Leonard D. Cannavo is no longer designated as a defendant.

 This case was transferred to the undersigned on January 19, 2016.