■ DANA MALDONADO, Respondent, v 2121 SHORE CONDOMINIUM et al., Defendants, and COURT RESTORATION, INC., Appellant. [30 NYS3d 185]—

In an action to recover damages for personal injuries, the defendant Court Restoration, Inc., appeals from an order of the Supreme Court, Kings County (Ash, J.), dated December 3, 2014, which denied its motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she tripped and fell in front of her parents' condominium complex on a depressed drain near the front door entrance. A large planter, which usually blocked access to the area in which the drain was situated, had been removed due to ongoing construction.

The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant Court Restoration, Inc. (hereinafter the appellant), which was performing the construction at the subject condominium complex at the time of the accident. The appellant moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it, contending that the alleged defect was not actionable because it was trivial. The Supreme Court denied the appellant's motion. We affirm.

"Generally, whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury unless the defect is trivial as a matter of law" (*Milewski v Washington Mut., Inc.*, 88 AD3d 853, 855 [2011]; *see Das v Sun Wah Rest.*, 99 AD3d 752, 754 [2012]). "[I]njuries resulting from trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip, are not actionable"

(*Grundstrom v Papadopoulos*, 117 AD3d 788, 788 [2014]; *see Louima v Jims Realty, LLC*, 125 AD3d 943, 944 [2015]; *Deviva v Bourbon St. Fine Foods & Spirit*, 116 AD3d 654, 655 [2014]; *Maciaszek v Sloninski*, 105 AD3d 1012, 1013 [2013]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997] [internal quotation marks omitted]; *see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 77 [2015]).

"[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk*, 90 NY2d at 977; *see Green v New York City Hous. Auth.*, 7 AD3d 287 [2004]). "[G]ranting summary judgment to a defendant 'based exclusively on the dimension[s] of the . . . defect is unacceptable'" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d at 77, quoting *Trincere v County of Suffolk*, 90 NY2d at 977-978). Thus, "a holding of triviality [is] to be based on all the specific facts and circumstances of the case, not size alone" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d at 77).

"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (*id.* at 79). Only once the defendant meets its burden, will the burden shift to the plaintiff to establish an issue of fact (*see id.*).

Here, viewing the evidence in the light most favorable to the plaintiff (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), the evidence submitted by the appellant, including transcripts of the deposition testimony of the plaintiff and the condominium complex's superintendent, and a photograph of the subject drain taken by the plaintiff on the date of the accident, was insufficient to establish, prima facie, that, given the circumstances surrounding this accident, the defect was trivial as a matter of law and, thus, not actionable (*see Martyniak v Charleston Enters., LLC*, 118 AD3d 679, 680 [2014]; *Brenner v Herricks Union Free Sch. Dist.*, 106 AD3d 766, 767 [2013]; *Vani v County of Nassau*, 77 AD3d 819, 820 [2010]).

In light of our determination, we need not address the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) or the appellant's remaining contention.

Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment. Chambers, J.P., Austin, Roman and Duffy, JJ., concur.