■ JEANNE ATKINSON, Respondent, v KEY REAL ESTATE ASSOCIATES, LLC, et al., Appellants. [37 NYS3d 797]—

Order, Supreme Court, New York County (Arlene P. Bluth,

J.), entered April 20, 2016, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to dismiss so much of the complaint as is based on the height differential between a marble step and the bull-nosing on the front of that step, and otherwise affirmed, without costs.

The parties agree that the height differential between the marble step and the bull-nosing on which plaintiff caught her heel, causing her to fall, was one eighth to one quarter of an inch. This defect, as a matter of law, did not constitute a trap or nuisance, nor were the intrinsic characteristics or the surrounding circumstances such that they magnified the danger posed by this otherwise insignificant defect (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 77-78 [2015]; *Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997]). Thus, this defect was trivial as a matter of law, and therefore nonactionable.

As defendants concede in their reply brief, issues of fact exist as to whether defendants' failure to install handrails, pursuant to Administrative Code of the City of New York § 27-375 (f) (1), was a proximate cause of plaintiff's injuries. Concur—Friedman, J.P., Andrias, Richter, Gische and Kahn, JJ. **[Prior Case History: 2016 NY Slip Op 30744(U).]**