■ NATIVIDAD ROSARIO, Respondent-Appellant, v PRANA NINE PROPERTIES, LLC, et al., Appellants-Respondents. [38 NYS3d 182]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about September 23, 2015, which granted in part and denied in part defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to

grant the motion in its entirety, and as so modified, affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

A defendant who moves for summary judgment in a slip and fall case has the initial burden of making a prima facie showing that it neither created nor had actual or constructive notice of the unsafe condition. Once that showing is made, the burden shifts to plaintiff to raise a triable issue of fact as to the creation of the defect or notice of it (*see Kalish v HEI Hospitality, LLC*, 114 AD3d 444, 445 [1st Dept 2014]).

A landowner's duty to take reasonable measures to remedy a dangerous condition caused by a storm is suspended while the storm is in progress and does not commence until a reasonable time after the storm has ended (*Sherman v New York State Thruway Auth.*, 27 NY3d 1019, 1020-1021 [2016]; *Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]).

Here, plaintiff testified that 10 or 15 minutes before her first accident, she saw that it was snowing. Thus, any issue concerning whether defendants made reasonable efforts to remedy the wet condition on the steps of the entry vestibule was beside the point since they had no duty to correct the ongoing problem of pedestrians tracking water into the vestibule, until a reasonable time after the storm ended (*see Richardson v S.I.K. Assoc., L.P.*, 102 AD3d 554 [1st Dept 2013]; *Keum Choi v Olympia & York Water St. Co.*, 278 AD2d 106, 107 [1st Dept 2000]).

With respect to plaintiff's second accident in the building, the court properly concluded that defendants demonstrated prima facie the absence of actual or constructive knowledge of urine on the second floor platform based on the testimony of the superintendent that he inspected daily, mopped three times a week, and swept the stairs every day. Plaintiff also testified that she did not see the urine on the afternoon before her 6:30 p.m. or 7:00 p.m. accident, and was unaware of any complaints of a recurring moisture condition on the platform (*see Warner v Continuum Health Care Partners, Inc.*, 99 AD3d 636, 637 [1st Dept 2012]). Concur—Tom, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.