Cabezas v Ramos (2019 NY Slip Op 05103)





Cabezas v Ramos


2019 NY Slip Op 05103


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-09819
 (Index No. 4176/15)

[*1]Betty Cabezas, appellant, 
v
Marbella Ramos, respondent, et al., defendant (and third-party actions).


Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri of counsel), for appellant.
Farber Brocks & Zane, LLP, Garden City, NY (Charles T. Ruhl of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated June 12, 2018. The order, insofar as appealed from, granted the cross motion of the defendant Marbella Ramos for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant Marbella Ramos for summary judgment dismissing the complaint insofar as asserted against her is denied.
On the morning of May 22, 2014, the plaintiff allegedly tripped and fell on a sidewalk defect abutting property owned by the defendant Marbella Ramos in the City of Newburgh. The plaintiff subsequently commenced this action against Ramos and another defendant. Ramos cross-moved for summary judgment dismissing the complaint insofar as asserted against her, contending that the sidewalk defect at issue was trivial and not actionable. The Supreme Court granted Ramos's cross motion, and the plaintiff appeals.
Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977; Melia v 50 Ct. St. Assoc., 153 AD3d 703). However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d at 977; Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130, 1131). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79).
Here, in support of her cross motion, Ramos submitted, inter alia, the deposition testimony of the plaintiff. Given the plaintiff's testimony describing the alleged defect that caused her to fall, Ramos failed to establish, prima facie, that the alleged defect was physically insignificant and that the characteristics of the alleged defect or the surrounding circumstances did not increase the risks it posed (see id. at 79; Trincere v County of Suffolk, 90 NY2d at 977).
Accordingly, the Supreme Court should have denied Ramos's cross motion for summary judgment dismissing the complaint insofar as asserted against her, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Yeung v Selfhelp [KIV] Assoc., L.P., 170 AD3d 653, 654).
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court