Bacourt v City of New York (2021 NY Slip Op 00486)





Bacourt v City of New York


2021 NY Slip Op 00486


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Index No. 25045/14 Appeal No. 12994 Case No. 2020-03239 

[*1]Melba Bacourt, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.


Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York (Brian J. Shoot of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about January 14, 2020, which granted the motion of defendant City of New York for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
Plaintiff alleges that she fell on the sidewalk abutting a property owned by the City. It is undisputed that prior written notice of the defective condition was not provided to the City pursuant to Administrative Code of City of NY § 7-201(c)(2).
Plaintiff argues that where the City is the abutting owner, the prior written notice requirement is superseded by Administrative Code § 7-210(b), which does not mandate the notice and states that it applies "[n]otwithstanding any other provision of law." However, plaintiff's argument ignores Administrative Code § 7-210(d), which expressly states that nothing in section7-210 shall in any way affect the manner in which an action against the City is commenced, "including any provisions requiring prior notice to the City of defective conditions" (see Castro v City of New York, 101 AD3d 573 [1st Dept 2012]; Sondervan v City of New York, 84 AD3d 625 [1st Dept 2011]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021