Levina v City of New York (2022 NY Slip Op 01295)





Levina v City of New York


2022 NY Slip Op 01295


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2019-02710
 (Index No. 501931/16)

[*1]Ritaliya Levina, appellant, 
v
City of New York, respondent.


Burns & Harris, New York, NY (Judith F. Stempler and Nicholas Gerschman of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon, Barbara Graves-Poller, and Jeremy Pepper of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Larry D. Martin, J.), entered January 24, 2019. The judgment, upon a jury verdict on the issue of liability, is in favor of the defendant and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this personal injury action, alleging that she was injured when she tripped on an uneven sidewalk. The action proceeded to trial on the issue of liability against the defendant, the City of New York. At the conclusion of the trial, the jury found that the uneven sidewalk had caused the plaintiff's accident and that the City had received prior written notice of the condition of the sidewalk. However, in answer to the final question on the verdict sheet, the jury found that the City was not negligent. A judgment was subsequently entered in favor of the City and against the plaintiff, in effect, dismissing the complaint. The plaintiff appeals.
Contrary to the plaintiff's contention, the jury's finding that the City was not negligent was not contrary to the weight of the evidence. A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence "unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (Scarpulla v Williams, 147 AD3d 1101, 1102; see Lolik v Big V Supermarkets, 86 NY2d 744, 746). Here, the jury could reasonably have concluded that the plaintiff failed to demonstrate that the location of the sidewalk on which she fell contained a significant defect and was not reasonably safe (see Donina v D.N.R. Group of Cos., Inc., 114 AD3d 720; see generally Trincere v County of Suffolk, 90 NY2d 976).
The plaintiff's remaining contention is without merit.
Accordingly, we affirm the judgment.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court