Brown v Heron Flatbush, LLC (2025 NY Slip Op 01603)

Brown v Heron Flatbush, LLC

2025 NY Slip Op 01603

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-08034
 (Index No. 507757/19)

[*1]Tamel Brown, appellant, 
v
Heron Flatbush, LLC, et al., respondents, et al., defendants.

Subin Associates, LLP (Robert J. Eisen and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Weber Gallagher Simpson Stapleton Fires & Newby LLP, New York, NY (Shawn D. Wagner of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated September 8, 2022. The order granted the motion of the defendants Heron Flatbush, LLC, and 7-Eleven, Inc., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Heron Flatbush, LLC, and 7-Eleven, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied.
In October 2018, the plaintiff allegedly tripped and fell in the parking lot of a 7-Eleven convenience store as a result of stepping into a hole related to a fuel cap in the ground. At the time of the accident, the defendant Heron Flatbush, LLC (hereinafter Heron Flatbush), owned the premises, and the defendant 7-Eleven, Inc. (hereinafter 7-Eleven), was the tenant pursuant to a written lease.
The plaintiff commenced the instant action against, among others, Heron Flatbush and 7-Eleven to recover damages for personal injuries sustained in the fall, alleging that those defendants were negligent in, among other things, their ownership and maintenance of the premises. Subsequently, Heron Flatbush and 7-Eleven moved for summary judgment dismissing the complaint insofar as asserted against them. They argued that the condition alleged was either trivial in nature or was open and obvious and not inherently dangerous and, further, that Heron Flatbush was an out-of-possession landlord, who was not responsible for the defect. By order dated September 8, 2022, the Supreme Court granted the motion. The plaintiff appeals.
Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977; Brown v Villarba, 224 AD3d 652). However, injuries resulting from trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip are not actionable (see Trincere v County of Suffolk, 90 NY2d at 977; Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130, 1131; Maldonado v 2121 Shore Condominium, 138 AD3d 789, 790). In determining whether a defect is trivial, the court must [*2]examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]; see Acevedo v City of Yonkers, 185 AD3d 762; Melia v 50 Ct. St. Assoc., 153 AD3d 703, 704; see also Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (Trincere v County of Suffolk, 90 NY2d at 977).
The evidence proffered by Heron Flatbush and 7-Eleven in support of their motion, including photographs of the condition alleged, was inconclusive as to whether the condition alleged was trivial (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 77-78; Camelio v Shady Glen Owners' Corp., 219 AD3d 453, 455). Further they failed to establish, prima facie, that the condition complained of was open and obvious and not inherently dangerous (see Evans v Fields, 217 AD3d 656, 657; Cram v Keller, 166 AD3d 846, 848).
Moreover, Heron Flatbush and 7-Eleven failed to show, as a matter of law, that Heron Flatbush was an out-of-possession landlord who relinquished control over the parking lot area and was not contractually obligated under the lease to repair the parking lot (see Amparo v Christopher One Corp., 225 AD3d 652, 654; Vaughan v Triumphant Church of Jesus Christ, 193 AD3d 1104, 1106; Washington-Fraser v Industrial Home for the Blind, 164 AD3d 543, 545).
Accordingly, Heron Flatbush and 7-Eleven failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, warranting denial of their motion regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court