Rene v Livingston Gardens, Inc. (2025 NY Slip Op 05004)

Rene v Livingston Gardens, Inc.

2025 NY Slip Op 05004

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2024-06926
 (Index No. 512813/21)

[*1]Evelina Rene, respondent, 
v
Livingston Gardens, Inc., et al., appellants.

Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Glenn A. Kaminska and Jennifer B. Adler], of counsel), for appellants.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Joshua Block], of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated March 7, 2024. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaints.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaints is granted.
The plaintiff commenced separate actions against the defendants, Livingston Gardens, Inc., and Malek Management Corp., to recover damages for injuries she allegedly sustained when she fell descending an interior staircase in an apartment building where she lives. In bills of particulars filed in each action, the plaintiff alleged that her fall occurred "on the B staircase between the lobby and the 1st Floor on the 7th Step up from the bottom." After the actions were consolidated, the defendants moved for summary judgment dismissing the complaints on the grounds that the plaintiff could not identify the cause of her fall without engaging in speculation and that the alleged defect was trivial and not actionable as a matter of law. In an order dated March 7, 2024, the Supreme Court, inter alia, denied the defendants' motion. The defendants appeal.
"'Ordinarily, a defendant moving for summary judgment in a [slip]-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation'" (Adzei v Edward Bldrs., Inc., 221 AD3d 639, 640 [internal quotation marks omitted], quoting Grande v Won Hee Lee, 171 AD3d 877, 878; see De Rose v Anna & Rose Realty Co., LLC, 219 AD3d 700, 701). "'A plaintiff's inability in a premises liability case to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation'" (Belmonte v City of New York, 220 AD3d 727, 728, quoting Chang v Marmon Enters., Inc., 172 AD3d 678, 679; see Deputron v A & J Tours, Inc., 106 AD3d 944, 945). "'Where it is just as likely [*2]that some other factor, such as a misstep or a loss of balance, could have caused a [slip] and fall accident, any determination by the trier of fact as to causation would be based on sheer speculation'" (Belmonte v City of New York, 220 AD3d at 728, quoting Colini v Stino, Inc., 186 AD3d 1610, 1611; see Deputron v A & J Tours, Inc., 106 AD3d at 945).
Here, the defendants submitted, among other things, a transcript of the plaintiff's deposition testimony and various photographs. At her deposition, the plaintiff testified that she lived on the first floor of the apartment building and that there were two stairways accessible from the first floor to the ground floor. She testified that she could not recall in which stairwell she fell and that she believed that it was stairwell "A" and not "B" as alleged in the bills of particulars. However, the plaintiff's testimony also included a description about which stairwell she was using at the time she fell, including the directions she walked from her apartment to the stairway immediately before the accident. Moreover, the plaintiff was able to identify two photographs that she testified accurately depicted the alleged defect that caused her to fall. Under these circumstances, the defendants failed to meet their prima facie burden of demonstrating that the plaintiff could not establish, without resorting to speculation, that she slipped and fell as a result of a cracked and uneven condition on the stairway (see Gardell v Arden Ave. Homeowners Assn., 228 AD3d 834, 835-836; Paraskevopoulos v Voun Corp., 216 AD3d 983, 984). In view of the foregoing, it is unnecessary to consider whether the plaintiff raised a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"'Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury'" (Balbo v Greenfield's Mkt. of Bethpage, LLC, 216 AD3d 1130, 1130-1131, quoting Losito v JP Morgan Chase & Co., 72 AD3d 1033, 1033). However, "[a] property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip" (Haber v CVS Pharmacy, Inc., 217 AD3d 659, 659; see Trincere v County of Suffolk, 90 NY2d 976, 977). "'A defendant seeking dismissal of a complaint on the basis that [an] alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact'" (Haber v CVS Pharmacy, Inc., 217 AD3d at 659, quoting Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the 'width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury'" (id. at 660, quoting Trincere v County of Suffolk, 90 NY2d at 978). "There is no 'minimal dimension test' or 'per se rule' that the condition must be of a certain height or depth in order to be actionable (id., quoting Trincere v County of Suffolk, 90 NY2d at 977). "'Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable'" (id., quoting Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984).
Here, the photographs of the allegedly dangerous condition, which included measurements taken by the plaintiff's investigator, revealed that the condition on which the plaintiff allegedly fell was depressed approximately 3/16 of an inch at the edge of the stair on which she fell. Moreover, the plaintiff testified that she had previously traversed the stairway without incident, was aware of the condition of the steps, and was looking down at the stairs as she carried a queen-size comforter when she fell. Under these circumstances, the defendants established, prima facie, that any defect that existed was trivial as a matter of law (see Tamburo v Long Island Univ., 229 AD3d 828, 829).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the condition of the stairway constituted a dangerous or defective condition. Notably, in an affidavit submitted by the plaintiff's expert, the expert agreed that the alleged defect was only 3/16 of an inch deep. As such, the expert's conclusion that the alleged defect was nontrivial was speculative and conclusory (see Atkinson v Key Real Estate Assoc., LLC, 142 AD3d 871, 872). To the extent the plaintiff's expert relied upon the defendants' alleged failure to provide proper handrails for the stairway, such a theory of liability "was not readily discernable from the allegations in the plaintiff's [*3]bills of particulars, and, thus, was a new theory of liability that should not have been considered by the Supreme Court" (Iodice v Giordano, 170 AD3d 971, 972). In any event, the opinion of the plaintiff's expert concerning the failure to provide proper handrails was entirely speculative and unsupported by the record (see Grosskopf v 8320 Parkway Towers Corp., 88 AD3d 765, 766).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaints.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court