**Wang v Park-81st Corp.**

2025 NY Slip Op 34394(U)

November 14, 2025

Supreme Court, New York County

Docket Number: Index No. 156688/2021

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: __HON. LYNN R. KOTLER__          PART          08
                    *Justice*

-------------------------------------------------------------------X

AILI WANG,

                                        Plaintiff,

                    - v -

PARK-81ST CORP., TUDOR REALTY SERVICES CORP.,
944 PARK AVENUE CONDOMINIUM BOARD OF
MANAGERS, FIRST SERVICE RESIDENTIAL NEW YORK
INC., and "ABC CORPORATIONS 1 through 10" (the
aforesaid names being fictitious and their true names being
unknown),

                                        Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | __156688/2021__ |
| MOTION DATE | 08/19/2025, __08/19/2025__ |
| MOTION SEQ. NO. | __003 004__ |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 84, 85, 88, 90, 91, 92, 95, 96

were read on this motion to/for          _____JUDGMENT - SUMMARY_____ .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 86, 87, 89, 93, 94

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER____ .

This personal injury action arises from an alleged trip and fall suffered by plaintiff Aili Wang in January 2021 while walking on the sidewalk from 944 Park Avenue, where she had lived for approximately 20 years, towards 940 Park Avenue, the next building directly to the south along Park Avenue. Plaintiff alleges that she tripped over the edge of a sidewalk flag that was slightly raised above the level of the adjacent flag. Defendants 944 Park Avenue Condominium Board of Managers and First Service Residential New York Inc. (collectively, "944 Park") and defendants Park 81st Corp. and Tudor Realty Services Corp. (collectively, "940 Park") now separately move pursuant to CPLR 3212 for summary judgment dismissing the complaint (MOT SEQ 003 & 004, respectively). Plaintiff opposes both motions. The motions are granted.

On a motion for summary judgment, the proponent bears the initial burden of making a prima facie showing that it is entitled to summary judgment as a matter of law, providing

sufficient evidence that no material issues of triable fact exist (*see Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc.*, 36 NY3d 69, 74 [2020]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once met, the burden shifts to the opposing party to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see De Lourdes Torres v Jones*, 26 NY3d 742, 763 [2016]).

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability . . . is generally a question of fact for the jury" (*Trincere v Cnty. of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]). "However, property owners may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip" (*Santacruz v Taco Bell of Am., LLC*, 128 AD3d 793, 793 [2nd Dept. 2015], citing *Trincere*, 90 NY2d at 977). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere*, 90 NY2d at 977). Rather, in determining whether a defect is trivial as a matter of law, the court must examine "all the facts and circumstances presented" (*id.*), and even "[a] physically insignificant defect is actionable if its intrinsic characteristics or the surrounding circumstances magnify the dangers it poses, so that it unreasonably imperils the safety of a pedestrian" (*Hutchinson v. Sheridan Hill House Corp.*, 26 NY3d 66, 78 [2015] [internal quotation marks omitted]). Thus, "[a] defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (*id.* at 79).

Here, defendants submit deposition testimony from plaintiff, 944 Park's building superintendent, and 940 Park's building manager, as well as photographs of the accident site, including a photograph of the alleged sidewalk defect taken by plaintiff immediately after her accident and a series of photographs taken by 940 Park soon thereafter, which include extreme close-ups of the allegedly defective sidewalk slab. These submissions establish that: plaintiff's fall occurred at approximately 2:00 p.m. on a "beautiful" clear day free of inclement weather; the height differential between the flagstone over which plaintiff allegedly tripped and the relevant adjacent flagstone was only about a quarter of an inch; the sidewalk was clean, free of debris,

156688/2021  WANG, AILI vs. PARK-81ST CORP. ET AL
Motion No.  003 004

Page 2 of 4

[* 2]

and in good repair, with proper caulking between the flagstones and without gaps or jagged edges; and the allegedly raised flagstone was a contrasting color with respect to the relevant adjacent flagstone. Defendants' submissions thus demonstrate, *prima facie*, that the sidewalk defect alleged by plaintiff is trivial as a matter of law, as it was physically insignificant and neither its characteristics nor the surrounding circumstances increased the risks it posed (*see Hutchinson*, 26 NY3d at 79; *see also Trincere*, 90 NY2d at 977; *Garcia v Saint Spyridon Greek Orthodox Church*, 228 AD3d 459, 459 [1st Dept. 2024]; *Myles v Spring Valley Marketplace, LLC*, 141 AD3d 425, 426–27 [1st Dept. 2016]; *Martin v Lafayette Morrison Hous. Corp.*, 31 AD3d 300, 301 [1st Dept. 2006]).

Moreover, defendants also demonstrate, *prima facie*, that they neither created nor had actual or constructive notice of the alleged sidewalk defect (*see Rosario v Prana Nine Properties, LLC*, 143 AD3d 409, 410 [1st Dept. 2016] ["A defendant who moves for summary judgment in a slip and fall case has the initial burden of making a prima facie showing that it neither created nor had actual or constructive notice of the unsafe condition."]). The testimony of defendants' witnesses establishes that neither set of defendants performed any work on the subject sidewalk for at least nine years preceding plaintiff's accident that could have caused the defective condition alleged. The witnesses further testified that defendants were unaware of any prior trip and fall accidents on the subject sidewalk, had received no prior complaints regarding the sidewalk's condition, and had never observed the defective condition alleged by plaintiff despite having each performed regular, daily inspections of the sidewalk. Indeed, plaintiff herself testified that she had walked over the subject portion of sidewalk several times a day for approximately 20 years and had never noticed any defects.

In opposition, plaintiff fails to submit evidence to raise a triable issue of fact as to whether the defect was not trivial in nature or as to whether defendants created or had actual or constructive notice of the alleged defect. Notably, plaintiff does not dispute the estimate by 940 Park's building manager, based on his personal investigation of the sidewalk following the accident and corroborated by the photographic evidence submitted, that the subject flagstone was raised only about a quarter inch above the adjacent paver. As such, the lack of an objective, "tape measure" measurement of the raised paving slab does not require the denial of defendants' motions.

[* 3]

The court has considered plaintiffs' remaining contentions, even if not specifically addressed herein, and finds them unavailing.

Accordingly, it is

ORDERED that the motions for summary judgment dismissing the complaint by defendants 944 Park Avenue Condominium Board of Managers and First Service Residential New York Inc. (MOT SEQ 003) and by defendants Park 81st Corp. and Tudor Realty Services Corp. (MOT SEQ 004) are granted, and the complaint is hereby dismissed in its entirety; and it is further

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the court.

| 11/14/2025 | | LYNN R. KOTLER, J.S.C. |
| --- | --- | --- |
| DATE | | |

CHECK ONE:

| | | |
| --- | --- | --- |
| X | CASE DISPOSED | NON-FINAL DISPOSITION |
| X | GRANTED | DENIED | GRANTED IN PART | OTHER |

APPLICATION: SETTLE ORDER / SUBMIT ORDER

CHECK IF APPROPRIATE: INCLUDES TRANSFER/REASSIGN / FIDUCIARY APPOINTMENT / REFERENCE

156688/2021  WANG, AILI vs. PARK-81ST CORP. ET AL
Motion No.  003 004

Page 4 of 4

[* 4]