■ FLORENCE KEHOE, as Administratrix of the Estate of GRACE SAPIENZA, Deceased, Respondent, v CITY OF NEW YORK, Respondent, and VINCENT AVITABLE, Appellant. [930 NYS2d 252]—

On October 8, 2007, Grace Sapienza (hereinafter the decedent) was walking on the sidewalk abutting the real property of the defendant Vincent Avitable when she allegedly tripped and fell and was injured. Three days later, she died of complications from her fall. The plaintiff, as representative of the decedent's estate, commenced this action to recover damages against Avitable and the City of New York. Avitable answered and cross-claimed against the City for contribution and indemnification. Avitable moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the defect was trivial as a matter of law and, therefore, not actionable. The City cross-moved, inter alia, for summary judgment dismissing the cross claim. The Supreme Court, among other things, denied Avitable's motion. We reverse insofar as reviewed.

Generally, whether a dangerous or defective condition exists on the property of another so as to create liability "depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]). However, not every injury allegedly caused by a defect in a sidewalk must be submitted to the jury. "[A] trivial defect on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or

trip on a raised projection, is not actionable" (*Riser v New York City Hous. Auth.*, 260 AD2d 564, 564 [1999]). In determining whether a defect is trivial as a matter of law, the court should consider "the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]; *see Fisher v JRMR Realty Corp.*, 63 AD3d 677, 678 [2009]).

Here, upon reviewing photographs of the defect and considering all other relevant factors, including all of the deposition testimony, we conclude that Avitable established, prima facie, that the alleged defect was not actionable, as it was trivial and did not possess the characteristics of a trap or nuisance (*see Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]; *Riser v New York City Hous. Auth.*, 260 AD2d at 564). In opposition, the plaintiff failed to raise a triable issue of fact.

In light of our determination, we need not address the parties' contention regarding Avitable's alleged liability under the Administrative Code of the City of New York § 7-210 (b) in his capacity as the nonoccupying owner of the three-family residence where the accident took place.

Accordingly, the Supreme Court should have granted Avitable's motion for summary judgment dismissing the complaint insofar as asserted against him. Prudenti, P.J., Rivera, Austin and Roman, JJ., concur.