■ ARLENE PALLADINO, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [7 NYS3d 207]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by her brief, from so much an order of the Supreme Court, Richmond County (Aliotta, J.), dated June 14, 2013, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the cross motion of the defendants Anthony P. Sciandra, individually and as trustee of the Salvatore Sciandra Irrevocable Trust, Carmelo Cunsalo, individually and as trustee of the Salvatore Sciandra Irrevocable Trust, and Top Tomato Plaza, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly was injured when, after emerging from a supermarket, she tripped and fell in the adjacent parking lot. The plaintiff allegedly tripped on a depression in the asphalt surface abutting a metal plate which covered a valve box that served a nearby fire hydrant. The plaintiff commenced this action against the City of New York, which allegedly owned the metal plate; Anthony P. Sciandra, individually and as trustee of the Salvatore Sciandra Irrevocable Trust, and Carmelo Cunsalo, individually and as trustee of the Salvatore Sciandra Irrevocable Trust, the alleged owners of the premises (hereinafter together the property owners); and Top Tomato Plaza, LLC (hereinafter Top Tomato), which allegedly leased the supermarket building from the property owners. The City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the property owners and Top Tomato cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted those branches of the motion and the cross motion, and the plaintiff appeals.

Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case, and is a question of fact for the jury (see *Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Martyniak v Charleston Enters., LLC*, 118 AD3d 679 [2014]; *Freas v Tilles Ctr.*, 89 AD3d 680 [2011]). However, property owners may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see *Trincere v County of Suffolk*, 90 NY2d at 977; *Martyniak v Charleston Enters., LLC*, 118 AD3d at 679; *Aguayo v New York City Hous. Auth.*, 71 AD3d 926, 927 [2010]; *DeLaRosa v City of*

*New York*, 61 AD3d 813 [2009]). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]).

Here, the City, the property owners, and Top Tomato made a prima facie showing of their entitlement to judgment as a matter of law by submitting, inter alia, the transcripts of the plaintiff's testimony at her deposition and the hearing pursuant to General Municipal Law § 50-h. The evidence submitted by the moving parties—including the plaintiff's testimony describing the depression in the asphalt abutting the metal plate as being one-half inch deep—established that the alleged defect was trivial as a matter of law and did not possess the characteristics of a trap or nuisance, and therefore, was not actionable (*see Schiller v St. Francis Hosp., Roslyn, N.Y.*, 108 AD3d 758 [2013]; *Milewski v Washington Mut., Inc.*, 88 AD3d 853 [2011]; *Hawkins v Carter Community Hous. Dev. Fund Corp.*, 40 AD3d 812 [2007]; *see also Fisher v JRMR Realty Corp.*, 63 AD3d 677 [2009]; *Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d at 746).

Accordingly, the Supreme Court properly awarded summary judgment to the City, the property owners, and Top Tomato, dismissing the complaint insofar as asserted against each of them.

The remaining contentions of the City, the property owners, and Top Tomato need not be reached in light of our determination. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.