■ KAM LIN CHEE et al., Respondents, v VINCENZO DIPAOLO et al., Appellants. [31 NYS3d 509]—

In an action to recover damages for personal injuries, the defendants Vincenzo DiPaolo, Vincenzo DiPaolo Trust, and Rosario DiPaolo Trust appeal, and the defendants Lily Pond Nail, Inc., Chul Min Kim, and New Hyde Park Nail, Inc., separately appeal, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered September 25, 2013, as granted the plaintiffs' motion for leave to reargue and, upon reargument, in effect, vacated the original determinations in an order entered April 5, 2013, granting their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, and thereupon, denied those motions, and the defendant Incorporated Village of New Hyde Park separately appeals from so much of the order entered September 25, 2013, as, upon reargument, adhered to the original determination in the order entered April 5, 2013, denying its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order entered September 25, 2013, is modified, on the law, (1) by deleting the provisions thereof, upon reargument, in effect, vacating the original determinations in the order entered April 5, 2013, granting the motion of the defendants Vincenzo DiPaolo, Vincenzo DiPaolo Trust, and Rosario DiPaolo Trust, and the separate motion of the defendants Lily Pond Nail, Inc., Chul Min Kim, and New Hyde Park Nail, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, and thereupon, denying those motions, and substituting therefor a provision, upon reargument, adhering to those original determinations, and (2) by deleting the provision thereof, upon reargument, adhering to the determination in the order entered April 5, 2013, denying the motion of the defendant Incorporated Village of New Hyde Park for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and substituting therefor a provision, upon reargument, vacating that original determination and, thereupon, granting that motion; as modified, the order entered September 25, 2013, is affirmed insofar as appealed from, with one bill of costs to the defendants Vincenzo DiPaolo, Vincenzo DiPaolo Trust, and Rosario DiPaolo Trust, and the defendants Lily Pond Nail, Inc., Chul Min Kim, and New Hyde Park Nail, Inc., appearing separately and filing separate briefs, payable by the plaintiffs.

The plaintiffs, Kam Lin Chee and Fong Chee, allege that in

July 2010, Kam Lin Chee was injured when she tripped and fell on a nonlevel, raised portion of a sidewalk flag while walking on a sidewalk abutting certain commercial premises in New Hyde Park, Nassau County. Kam Lin Chee, and her husband Fong Chee, suing derivatively, commenced this action against (1) the owners of the abutting building, the defendants Vincenzo DiPaolo, Vincenzo DiPaolo Trust, and Rosario DiPaolo Trust (hereinafter collectively the owners), (2) the lessees of the business being operated at the building, the defendants Lily Pond Nail, Inc., Chul Min Kim, and New Hyde Park Nail, Inc. (hereinafter collectively the lessees), and (3) the defendant Incorporated Village of New Hyde Park (hereinafter the Village). The owners, the lessees, and the Village separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. In an order entered April 5, 2013, the court granted the separate motions of the owners and the lessees, and denied the Village's motion.

Thereafter, the plaintiffs and the Village separately moved for leave to reargue. In an order entered September 25, 2013, the Supreme Court granted leave to reargue, and upon reargument, (1) in effect, vacated the original determinations made in the order entered April 5, 2013, granting the respective motions of the owners and the lessees for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, and thereupon, denied those motions, and (2) adhered to the original determination in the order entered April 5, 2013, denying the Village's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The owners, lessees, and Village separately appeal from stated portions of the order entered September 25, 2013.

The owners and the lessees established their entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them. "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 79 [2015]).

Here, the owners and the lessees submitted the deposition testimony of Kam Lin Chee and other evidence to establish that the defect at issue was, at most, a rise of slightly more than one inch in a portion of the sidewalk and that neither the

alleged defect nor the surrounding circumstances increased the risk to her (see id. at 79; Trincere v County of Suffolk, 90 NY2d 976, 978 [1997]). Kam Lin Chee testified at her deposition that she had traversed the sidewalk on numerous previous occasions without incident before the incident at issue. She testified that it was a sunny day and there were no crowds, construction, or other obstructions to block her view of the sidewalk as she traversed it. Thus, through her testimony, the owners and the lessees established that the alleged defect was not only small in size, but was also in a well-illuminated location that Kam Lin Chee had previously traversed on numerous occasions and that nothing in the area obstructed her view of the location and the alleged defect.

In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

The parties' remaining contentions are without merit or have been rendered academic in light of our determination.

Accordingly, upon reargument, the Supreme Court should have adhered to its original determinations in the order entered April 5, 2013, granting the separate motions of the owners and the lessees for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79; Trincere v County of Suffolk, 90 NY2d at 978). For the same reasons, we conclude that the Village, under these circumstances, also was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that the defect is trivial as a matter of law. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.