■ DANIELLE JACKSON, Appellant, v LUCIEN MICHEL et al., Respondents. [36 NYS3d 234]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 4, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when she fell down a staircase in an apartment building where she lived. She subsequently commenced this action against the defendants, who owned the building. The defendants moved for summary judgment dismissing the complaint, contending that the defect which allegedly caused the plaintiff to fall was trivial and, therefore, not actionable. The defendants relied upon, among other things, the plaintiff's deposition testimony, an affidavit of

the defendant Lucien Michel, and photographs. The Supreme Court granted the defendants' motion.

The defendants established, prima facie, their entitlement to judgment as a matter of law by demonstrating that the alleged defect was, under the circumstances, physically insignificant and that the characteristics of the defect and the surrounding circumstances did not increase the risks it posed (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 79 [2015]). In particular, the defendants presented evidence that the defect measured approximately one-quarter inch wide and one-tenth of one inch deep, that the staircase was well-lit and unobstructed at the time of the accident, and that the plaintiff had traversed it on many occasions without noticing a defect (*see Kam Lin Chee v DiPaolo*, 138 AD3d 780 [2016]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the alleged defect was trivial. The Supreme Court correctly concluded that the defects identified by the plaintiff's expert in his report were not relevant, as they were not the conditions alleged by the plaintiff to have caused her accident (*see Outlaw v Citibank, N.A.*, 35 AD3d 564, 565 [2006]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.