■ STACEY FASONE et al., Appellants, v NORTHSIDE PROPERTIES MANAGEMENT CORP., Respondent. [52 NYS3d 428]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Sher, J.), entered October 29, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Stacey Fasone (hereinafter the injured plaintiff) allegedly tripped and fell over a misleveled section of a concrete walkway located just outside the rear entrance of an office building owned by the defendant. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendant, alleging negligence and seeking to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that the alleged defect at issue was trivial and not actionable. The Supreme Court granted the motion.

Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case, and is a question of fact for the jury (see *Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Platkin v County of Nassau*, 121

AD3d 879, 879-880 [2014]; *Martyniak v Charleston Enters., LLC*, 118 AD3d 679, 680 [2014]). However, property owners may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Trincere v County of Suffolk*, 90 NY2d at 977; *Louima v Jims Realty, LLC*, 125 AD3d 943, 944 [2015]; *Platkin v County of Nassau*, 121 AD3d at 879). There is no "minimal dimension test or per se rule" that the condition must be of a certain height or depth to be actionable (*Trincere v County of Suffolk*, 90 NY2d at 977 [internal quotation marks omitted]; *see Green v New York City Hous. Auth.*, 137 AD3d 748 [2016]; *Martyniak v Charleston Enters., LLC*, 118 AD3d at 679). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]; *see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66 [2015]; *Grosskopf v 8320 Parkway Towers Corp.*, 88 AD3d 765 [2011]). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (*Schenpanski v Promise Deli, Inc.*, 88 AD3d 982, 984 [2011]; *see Green v New York City Hous. Auth.*, 137 AD3d at 749; *Aguayo v New York City Hous. Auth.*, 71 AD3d 926, 927 [2010]).

"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d at 79). Here, the defendant established, prima facie, that the alleged defect that caused the injured plaintiff to fall was trivial and therefore not actionable. In support of its motion, the defendant relied upon, inter alia, the injured plaintiff's deposition transcript, as well as photos identified and marked by the injured plaintiff showing in detail the alleged defect as it existed at the time of the subject accident. Considering the photographs, which showed the height and extent of the alleged defect, along with the injured plaintiff's description of the time, place, and circumstance of the injury, the defendant established, prima facie, that the alleged defect was trivial as a matter of law and, therefore, not actionable (*see id.* at 83; *Baldasano v Long Is. Univ.*, 143 AD3d 933 [2016]; *Jackson v*

*Michel,* 142 AD3d 535 [2016]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.