KATHRYN KAVANAGH, Respondent, v ARCHDIOCESE OF THE CITY OF NEW YORK et al., Appellants. [58 NYS3d 579]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), dated July 11, 2016, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Our Lady of Mount Carmel Church.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Our Lady of Mount Carmel Church is granted.

On March 24, 2014, the plaintiff allegedly tripped and fell over a damaged piece of tile in an interior hallway while trying to exit the defendant Our Lady of Mount Carmel Church (hereinafter the Church), located in White Plains. In July 2014, the plaintiff commenced this action against the defendant Archdiocese of the City of New York (hereinafter the Archdiocese) and the Church to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending, among other things, that the alleged defect was trivial as a matter of law. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the Archdiocese, but denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the Church.

Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case, and is a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). However, property owners may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see id.* at 977). There is no "minimal dimension test or per se rule" that the condition must be of a certain height or depth to be actionable (*id.* [internal quotation marks omitted]). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*id.* at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]; *see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66 [2015]). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (*Schenpanski v Promise Deli, Inc.*, 88 AD3d 982, 984 [2011]).

"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d at 79). Here, the evidence submitted by the defendants in support of their motion included photos of the alleged defective condition as identified by the plaintiff, a damaged piece of tile, as well as measurements placing the depression at the damaged tile to be, at most, one-eighth of an inch. These photographs, along with the plaintiff's description of the time, place, and circumstance of the injury, established, prima facie, that the alleged defect was trivial as a matter of law, and therefore, not actionable (*see id.* at 83; *Fasone v Northside Props. Mgt. Corp.*, 149 AD3d 905 [2017]; *Baldasano v Long Is. Univ.*, 143 AD3d 933 [2016]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Church. Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.