John F. Melia, Respondent, v 50 Court Street Associates et al., Appellants. [60 NYS3d 331]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated April 28, 2016, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff commenced this action due to injuries he contends he sustained when he tripped and fell on a sidewalk abutting a store located at 50 Court Street in Brooklyn. According to the plaintiff's deposition testimony, the caulk between two sidewalk slabs was missing and there was a gap which was approximately one inch wide. The plaintiff further testified that he regularly visited this store, and he never noticed this gap. According to the defendants, there were no prior incidents involving the gap, and they had not received any prior complaints about the gap. The defendants moved for summary judgment dismissing the complaint, contending that the alleged defect was trivial and therefore not actionable. The Supreme Court denied the motion, and the defendants appeal. We reverse.

Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Santacruz v Taco Bell of Am., LLC, 128 AD3d 793 [2015]). However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d at 977; Kehoe v City of New York, 88 AD3d 655, 656-657 [2011]). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]; see Kam Lin Chee v DiPaolo, 138 AD3d 780, 782 [2016]).

In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978 [internal quotation marks omitted]). There is no "minimal dimension test" or "per se rule" that the condition must be of a certain height or depth in order to be actionable (*id.* at 977). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (*Schenpanski v Promise Deli, Inc.*, 88 AD3d 982, 984 [2011]; *see Baldasano v Long Is. Univ.*, 143 AD3d 933, 934 [2016]).

Here, the evidence submitted by the defendants in support of their motion for summary judgment, including the deposition testimony of the plaintiff and photographs of the accident site, was sufficient to establish, prima facie, that, given the characteristics of the defect and the surrounding circumstances, the gap at issue was trivial, and therefore, not actionable (*see Fasone v Northside Props. Mgt. Corp.*, 149 AD3d 905, 906 [2017]; *Baldasano v Long Is. Univ.*, 143 AD3d at 934; *Kam Lin Chee v DiPaolo*, 138 AD3d at 782-783; *Hawkins v Carter Community Hous. Dev. Fund Corp.*, 40 AD3d 812, 813 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.