Beirne v Ames' Strand View W. Corp. (2018 NY Slip Op 03655)





Beirne v Ames' Strand View W. Corp.


2018 NY Slip Op 03655


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-02002
 (Index No. 11892/14)

[*1]Margaret Beirne, appellant, 
v
Ames' Strand View West Corp., etc., et al., respondents.


Cobert, Haber & Haber, LLP, Garden City, NY (David C. Haber of counsel), for appellant.
Gallo Vitucci Klar, LLP, New York, NY (Chad Sjoquist of counsel), for respondent Ames' Strand View West Corp.
Robert M. Agostisi, Corporation Counsel, Long Beach, NY (Charles M. Geiger of counsel), for respondent City of Long Beach.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered December 28, 2016. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Ames' Strand View West Corp. and the defendant City of Long Beach which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On July 12, 2014, between 9:30 a.m. and 10:30 a.m., the plaintiff was walking on a sidewalk abutting premises located at 55 California Street, at or near the corner of Beech Street, in the City of Long Beach, when she allegedly tripped over a raised and cracked portion of a sidewalk slab. At the time of the accident, the defendant Ames' Strand View West Corp. (hereinafter Ames) owned the building abutting the area of the sidewalk where the accident occurred. The plaintiff subsequently commenced this action to recover damages for personal injures against Ames and the City of Long Beach, alleging negligence. After joinder of issue, Ames and the City separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, arguing, among other things, that the alleged condition was trivial and therefore not actionable. The Supreme Court granted those branches of the defendants' respective motions and the plaintiff appeals.
Viewing the evidence in the light most favorable to the plaintiff (see Chojnacki v Old Westbury Gardens, Inc., 152 AD3d 645, 646), the defendants established, prima facie, that the alleged defect that caused the plaintiff to fall was trivial and therefore not actionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 83; Fasone v Northside Props. Mgt. Corp., 149 AD3d 905; Baldasano v Long Is. Univ., 143 AD3d 933; Kam Lin Chee v DiPaolo, 138 AD3d 780). In [*2]opposition, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions regarding the creation of the alleged condition have been rendered academic in light of our determination.
Accordingly, we agree with the Supreme Court's determination granting those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court