Sullivan v Colonial Woods Condominiums (2018 NY Slip Op 04020)





Sullivan v Colonial Woods Condominiums


2018 NY Slip Op 04020


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-07955
 (Index No. 60720/14)

[*1]Nancy Sullivan, et al., appellants, 
v
Colonial Woods Condominiums, respondent.


Cox Padmore Skolnik & Shakarchy LLP, New York, NY (Stefan B. Kalina and Sanford Hausler of counsel), for appellants.
Vincent D. McNamara, East Norwich, NY (Karen J. Walsh of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Thomas Whelan, J.), dated July 8, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 24, 2013, the plaintiff Nancy Sullivan (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell on a portion of a driveway adjacent to a concrete apron located in front of a condominium unit garage at 2 Bartlett Commons in Yaphank. The driveway was a common area and maintained by the defendant. In February 2014, the injured plaintiff, and her husband suing derivatively (hereinafter together the plaintiffs), commenced this negligence action against the defendant. After discovery and the filing of the note of issue, the defendant moved for summary judgment dismissing the complaint arguing, inter alia, that the alleged defect over which the injured plaintiff tripped and fell was trivial and therefore not actionable. The Supreme Court granted the motion, finding that the alleged defect was trivial and therefore not actionable. Alternatively, the court also determined that the defendant had neither actual nor constructive notice of the alleged defect. The plaintiffs appeal.
To demonstrate its entitlement to summary judgment in a trip-and-fall case on the basis that the alleged defect was trivial, the defendant was required to make a prima facie showing that the defect was, under the circumstances, physically insignificant, and that the characteristic of the defect or the surrounding circumstances did not increase the risks it posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79; Melia v 50 Ct. St. Assoc., 153 AD3d 703; Mscichowski v 601 BBA, LLC, 134 AD3d 996). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d 976, 978 [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 77-79). There is no "minimal dimension test" or "per se rule" that the condition must be of a certain height or depth in order to be actionable (Trincere v County of Suffolk, 90 NY2d at 977 [internal quotation marks omitted]; see Kavanagh v Archdiocese of City of N.Y., 152 AD3d 654, [*2]655). " Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable'" (Melia v 50 Ct. St. Assoc., 153 AD3d at 704, quoting Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984).
Here, the defendant, in support of its motion for summary judgment, relied upon, inter alia, the injured plaintiff's deposition testimony, the deposition testimony of the president of the defendant's homeowners' association, and photographs of the accident site. Considering the evidence presented, particularly the photographs and the plaintiff's description of the time, place, and circumstance of the injury, the defendant established, prima facie, that the alleged defect was trivial as a matter of law and, therefore, not actionable (see Melia v 50 Ct. St. Assoc., 153 AD3d at 704; Fasone v Northside Props. Mgt. Corp., 149 AD3d 905, 906; Milewski v Washington Mut., Inc., 88 AD3d 853). In opposition, the plaintiffs failed to raise a triable issue of fact.
The parties' remaining contentions either are without merit or have been rendered academic by our determination.
Accordingly, we agree with the Supreme Court's determination that the defendant was entitled to summary judgment dismissing the complaint.
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court