Cobham v 330 W. 34th SPE, LLC (2018 NY Slip Op 05748)





Cobham v 330 W. 34th SPE, LLC


2018 NY Slip Op 05748


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-08690
 (Index No. 31017/10)

[*1]Inez Cobham, appellant, 
v
330 West 34th SPE, LLC, et al., respondents (and a third-party action).


Mallilo & Grossman, Flushing, NY (Jessica Kronrad of counsel), for appellant.
Quirk and Bakalor, P.C., Garden City, NY (Loretta A. Redmond of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated May 8, 2015. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she tripped and fell over a depressed portion of a tile floor at her workplace on the 11th floor of premises located at 330 West 34th Street, in Manhattan. The plaintiff subsequently commenced this action to recover damages for personal injuries. The defendants moved, inter alia, for summary judgment dismissing the complaint, contending that the alleged defect was trivial as a matter of law. The Supreme Court granted that branch of the defendants' motion, and the plaintiff appeals.
"[A] party's failure to disclose its experts pursuant to CPLR 3101(d)(1)(i) prior to the filing of a note of issue and certificate of readiness does not divest a court of the discretion to consider an affirmation or affidavit submitted by that party's experts in the context of a timely motion for summary judgment" (Rivers v Birnbaum, 102 AD3d 26, 31). Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in considering the expert affidavit submitted by the defendants on their motion for summary judgment, since there was no evidence that the failure to disclose the identity of their expert witness pursuant to CPLR 3101(d)(1)(I) was intentional or willful, and there was no showing of prejudice to the plaintiff (see Yampolskiy v Baron, 150 AD3d 795, 796; Hayden v Gordon, 91 AD3d 819, 820; Hernandez-Vega v Zwanger-Pesiri Radiology Group, 39 AD3d 710, 711).
Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977; Palladino v City of New York, 127 AD3d 708, 709). However, a property owner "may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip" (Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130, 1131). " In determining whether a defect is trivial, the court must examine all of the facts presented, [*2] including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstances of the injury'" (Melia v 50 Ct. St. Assoc., 153 AD3d 703, 704, quoting Trincere v County of Suffolk, 90 NY2d at 977).
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increases the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Schenpanbski v Promise Deli, Inc., 88 AD3d 982, 984).
Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting, inter alia, an expert affidavit, photographs acknowledged by the plaintiff as accurately reflecting the condition of the alleged defect as it existed at the time of the accident, and the plaintiff's deposition testimony describing the time, place, and circumstances of the injury. This evidence established, prima facie, that the alleged defect was trivial as a matter of law and did not possess the characteristics of a trap or nuisance, and therefore, was not actionable (see Kam Lin Chee v DiPaolo, 138 AD3d 780, 782-783; Milewski v Washington Mut., Inc., 88 AD3d 853, 856). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the alleged defect possessed any of the attributes of a trap or a snare (see Mendez v De Milo, 17 AD3d 328; cf. Alig v Parkway Parking of N.Y., Inc., 36 AD3d 980, 981-982).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the complaint.
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court