Speredowich v Long Is. Rail Rd. Co. (2018 NY Slip Op 05883)





Speredowich v Long Is. Rail Rd. Co.


2018 NY Slip Op 05883


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-07477
 (Index No. 705949/13)

[*1]Judith Speredowich, appellant, 
v
Long Island Rail Road Company, respondent.


Erlanger Law Firm PLLC, New York, NY (Robert K. Erlanger of counsel), for appellant.
Krez & Flores, LLP, New York, NY (William J. Blumenschein of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert L. Nahman, J.), entered July 13, 2016. The order granted the defendant's oral motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant, the Long Island Rail Road Company, alleging that she sustained personal injuries when the heel of her right shoe became caught in a crack on a train platform at Pennsylvania Station, causing her to fall. The action proceeded to a jury trial. The plaintiff testified at trial that the crack was approximately ½ inch wide, 9 to 12 inches long, and ¼ inch deep. The plaintiff also introduced photographs depicting the crack.
After the plaintiff rested, the defendant orally moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, arguing that the crack was trivial and nonactionable as a matter of law. The Supreme Court granted the defendant's motion. The plaintiff appeals, and we affirm.
"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (Szczerbiak v Pilat, 90 NY2d 553, 556; see Hamilton v Rouse, 46 AD3d 514, 516). In considering such motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d at 556; see Raia v Berkeley Coop. Towers Section II Corp., 147 AD3d 989, 991).
As a general rule, "the issue of whether a dangerous or defective condition exists depends on the facts of each case and is a question of fact for the jury" (Palladino v City of New York, 127 AD3d 708, 709). However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, upon which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d 976, 977; Cortes v Taravella Family Trust, 158 AD3d 788, 789). "There is no minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (Trincere v County of Suffolk, 90 NY2d 976, 977). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury'" (Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130, 1131, quoting Trincere v County of Suffolk, 90 NY2d at 978). "[A] small difference in height or other physically insignificant defect is actionable if its intrinsic characteristics or the surrounding circumstances magnify the dangers it poses, so that it unreasonably imperil[s] the safety of a pedestrian" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 78 [internal quotation marks omitted]).
Here, accepting the plaintiff's evidence as true and affording her every favorable inference which may be properly drawn from the facts presented (see Szczerbiak v Pilat, 90 NY2d at 556), the crack that allegedly caused the plaintiff to trip and fall was trivial as a matter of law and, therefore, not actionable (see Melia v 50 Ct. St. Assoc., 153 AD3d 703, 703; Kavanagh v Archdiocese of City of N.Y., 152 AD3d 654, 654). Accordingly, we agree with the Supreme Court's determination granting the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court