Easley v U Haul (2018 NY Slip Op 08008)





Easley v U Haul


2018 NY Slip Op 08008


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-00809
 (Index No. 707778/15)

[*1]Robert Easley, respondent, 
v
U Haul, et al., appellants.


Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York, NY (Benjamin Gonson and Kevin Pinter of counsel), for appellants.
Mallilo & Grossman, Flushing, NY (Yelena Ruderman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered November 22, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured when he tripped and fell on a half-inch to one-inch metal protrusion sticking out of the ground while walking into a U Haul parking lot maintained and operated by the defendants. The plaintiff subsequently commenced this personal injury action against the defendants, asserting negligent maintenance of the property. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint, arguing that the defect was too trivial to be actionable. In an order entered November 22, 2017, the Supreme Court denied the motion, and the defendants appeal.
Whether a dangerous or defective condition exists on property so as to give rise to liability depends on the particular circumstances of each case and is generally a question of fact for the jury (see Pellegrino v Trapasso, 114 AD3d 917; Acevedo v New York City Tr. Auth., 97 AD3d 515; Stoppeli v Yacenda, 78 AD3d 815). However, not every injury related to an elevated defect need be submitted to a jury (see Trincere v County of Suffolk, 90 NY2d 976; Kehoe v City of New York, 88 AD3d 655, 656).
In determining whether a defect is trivial, courts "must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Kavanagh v Archdiocese of the City of N.Y., 152 AD3d 654, 655 [internal quotation marks omitted]; see Trincere v County of Suffolk, 90 NY2d at 978). "[T]here is no minimal dimension test' or per se rule that a defect must be a certain minimum height or depth in order to be actionable" (Trincere v County of Suffolk, 90 NY2d at 977). However, a defendant "may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection" (Hutchinson v Sheridan Hill House Corp., [*2]26 NY3d 66, 78 [internal quotation marks omitted]; see Liebl v Metropolitan Jockey Club, 10 AD2d 1006, 1006).
The defendants presented evidence that the alleged defect was an inch or less in size, that the incident occurred in the daytime hours under clear conditions, and that the area immediately surrounding the alleged defect was clear of debris and not dangerous or trap-like. This evidence was sufficient to establish, prima facie, that the defect was trivial and nonactionable as a matter of law (see Kam Lin Chee v DiPaolo, 138 AD3d 780, 782; Gaud v Markham, 307 AD2d 845, 846; see also Trincere v County of Suffolk, 90 NY2d 976).
In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), since he relied on conclusory allegations (see Boise Cascade Office Prods. Corp. v Gilman & Ciocia, Inc., 30 AD3d 454; Becker v Shore Drugs, 296 AD2d 515).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court