Acevedo v City of Yonkers (2020 NY Slip Op 03881)





Acevedo v City of Yonkers


2020 NY Slip Op 03881


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-07505
 (Index No. 50037/15)

[*1]Noah Ariel Acevedo, etc., et al., appellants,
v
City of Yonkers, et al., respondents.


Decolator, Cohen & Diprisco, LLP, Garden City, NY (Joseph L. Decolator of counsel), for appellants.
Matthew I. Gallagher, Corporation Counsel, Yonkers, NY (Dusan Lakic of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), entered May 22, 2018. The order granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The infant plaintiff was allegedly injured when he was playing basketball in the street in front of his home, located in Yonkers, and tripped and fell over a water valve cap that was recessed into the street. The infant plaintiff, by his father, and his father individually, commenced the instant action. After joinder of issue and the filing of the note of issue, the defendants moved, inter alia, for summary judgment dismissing the complaint contending that they did not receive prior written notice of the condition alleged as required by section 24-11 of the Charter of the City of Yonkers, and that the defect alleged was trivial and therefore not actionable as a matter of law. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, finding that the defendants established that they had not received prior written notice of the defect alleged. The plaintiffs appeal. We affirm, albeit on other grounds.
Viewed in the light most favorable to the plaintiffs as the nonmovants, the evidence submitted in support of the defendants' motion established their prima facie entitlement to judgment as a matter of law on the ground that the alleged defect was trivial and, therefore, not actionable. Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977). However, a property owner "may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip" (Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130, 1131). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury'" (Melia v 50 Ct. St. Assoc., 153 AD3d 703, 704, quoting Trincere v County of Suffolk, 90 NY2d at 978).
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984; see Kavanagh v Archdiocese of City of N.Y., 152 AD3d 654).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, a transcript of the deposition testimony of the infant plaintiff's father, photographs, and a transcript of the infant plaintiff's deposition testimony describing the time, place, and circumstances of the injury. This evidence established, prima facie, that the alleged defect was trivial as a matter of law and did not possess the characteristics of a trap or nuisance, and therefore, was not actionable (see Cobham v 330 W. 34th SPE, LLC, 164 AD3d 644, 645-646; Sullivan v Colonial Woods Condominiums, 162 AD3d 704, 705; Kavanagh v Archdiocese of City of N.Y., 152 AD3d at 655; see also Easley v U Haul, 166 AD3d 852, 853). In opposition, the plaintiffs failed to raise a triable issue of fact.
In light of our determination, we need not address the remaining alternate ground for affirmance as argued by the defendants on this appeal.
Accordingly, we affirm the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court