Richards v Starbucks Corp. (2021 NY Slip Op 02002)





Richards v Starbucks Corp.


2021 NY Slip Op 02002


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-08642
2019-09445
 (Index No. 613849/17)

[*1]Karen Richards, et al., appellants,
v
Starbucks Corporation, et al., respondents (and a third-party action).


Stern & Szpigiel LLP, Mineola, NY (Howard J. Stern of counsel), for appellants.
Goldberg Segalla, LLP, White Plains, NY (William T. O'Connell of counsel), for respondent Starbucks Corporation.
Jacobson & Schwartz, LLP, Jericho, NY (Paul Goodovitch of counsel), for respondent Piece Management, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered July 9, 2019, and (2) a judgment of the same court dated August 2, 2019. The order, insofar as appealed from, granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them. The judgment, insofar as appealed from, upon the order, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In December 2017, the plaintiff Karen Richards, and her husband, the plaintiff Daniel Richards, suing derivatively (hereinafter together the plaintiffs), commenced this action to recover damages for personal injuries the plaintiffs allege Karen Richards sustained when she fell in March 2017 in a coffee shop in Westbury owned and operated by the defendant Starbucks Corporation (hereinafter Starbucks). According to the plaintiffs, Karen Richards tripped and fell over a transition strip at the door to the bathroom as she exited that bathroom. The plaintiffs allege that Starbucks and the defendant Piece Management, Inc. (hereinafter Piece), the general contractor that tiled the [*2]floor at that location, were negligent in, among other things, creating the dangerous condition and maintaining the premises.
As is relevant to this appeal, Starbucks and Piece separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order entered July 9, 2019, the Supreme Court, among other things, granted those branches of the separate motions and, thereafter, on August 2, 2019, issued a judgment, inter alia, in favor of the defendants and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
The Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them and entering a judgment in favor of the defendants dismissing the complaint. Although the issue of whether a dangerous or defective condition exists depends on the facts of each case and generally is a question of fact for the jury, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d 976, 977; Acevedo v City of Yonkers, 185 AD3d 762, 762-763). In determining whether a defendant has established that an alleged defect is trivial as a matter of law, the court must examine all of the facts presented, including the "'width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury'" (Melia v 50 Ct. St. Assoc., 153 AD3d 703, 704, quoting Trincere v County of Suffolk, 90 NY2d at 978; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77-78).
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79; see Acevedo v City of Yonkers, 185 AD3d at 763). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984; see Acevedo v City of Yonkers, 185 AD3d at 763).
Here, Starbucks and Piece established their respective prima facie entitlement to judgment as a matter of law by submitting, inter alia, photographs of the alleged defect, as well as a transcript of Karen Richards's deposition testimony describing the time, place, and circumstances of the injury. This evidence established, prima facie, that the alleged defect was trivial as a matter of law and did not possess the characteristics of a trap or nuisance, and therefore, was not actionable (see Easley v U-Haul, 166 AD3d 852, 852-853; Sullivan v Colonial Woods Condominiums, 162 AD3d 704, 705). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
In light of our determination, we need not address the defendants' remaining contentions.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court