Dingman v Linchris Hotel Corp. (2022 NY Slip Op 00168)





Dingman v Linchris Hotel Corp.


2022 NY Slip Op 00168


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2020-00324
 (Index No. 52991/17)

[*1]Clare Dingman, et al., respondents, 
v
Linchris Hotel Corp., et al., defendants, CVC Hospitality, Inc., appellant.


Goldberg Segalla LLP, Albany, NY (James F. Faucher II of counsel), for appellant.
Steven M. Melley, Rhinebeck, NY, for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the defendant CVC Hospitality, Inc., appeals from an order of the Supreme Court, Dutchess County (James V. Brands, J.H.O.), dated November 26, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant CVC Hospitality, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff Clare Dingman (hereinafter the injured plaintiff) allegedly fell inside the lobby of a hotel in Poughkeepsie. At the time of the accident, the floor of the lobby was in the process of being re-tiled, and there were areas where new tiles had been installed, others where the old tiles were still present, as well as areas where the cement subflooring was exposed. According to the hotel manager, the subflooring was approximately one quarter of an inch lower than the tiled floor. The injured plaintiff alleged that the difference in elevation between the tiled and un-tiled potions of the floor caused her to lose her footing.
The injured plaintiff, and her husband suing derivatively, commenced this consolidated action against, among others, the defendant CVC Hospitality, Inc. (hereinafter CVC), the general contractor retained by the hotel to perform the renovation work. Following the completion of discovery, CVC moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, among other things, denied that branch of CVC's motion, and CVC appeals.
Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). [*2]In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]). There is no "'minimal dimension test'" or per se rule that the condition must be of a certain height or depth in order to be actionable (id. at 977). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984).
Here, CVC established, prima facie, through relevant deposition testimony as well as photographic evidence, that the small height differential between the newly tiled floor and the exposed cement subflooring was physically insignificant and that the characteristics of the defect or the surrounding circumstances did not increase the risks it posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79; DePascale v E & A Constr. Corp., 74 AD3d 1128, 1131). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of CVC's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
CVC's remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court