Butera v Brookhaven Mem. Hosp. Med. Ctr., Inc. (2022 NY Slip Op 06783)

Butera v Brookhaven Mem. Hosp. Med. Ctr., Inc.

2022 NY Slip Op 06783

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-05364
 (Index No. 610375/16)

[*1]Donna Butera, appellant, 
v
Brookhaven Memorial Hospital Medical Center, Inc., respondent, et al., defendant.

Zlotolow & Associates, P.C., Melville, NY (Jason S. Firestein of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Amy E. Bedell of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated June 18, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Brookhaven Memorial Hospital Medical Center, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, with costs, and that branch of the motion of the defendant Brookhaven Memorial Hospital Medical Center, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
On October 20, 2015, at approximately 1:30 p.m., the plaintiff allegedly was injured when she tripped and fell due to a height differential between two sidewalk slabs abutting premises owned by the defendant Brookhaven Memorial Hospital Medical Center, Inc. (hereinafter Brookhaven). In July 2016, the plaintiff commenced this action to recover damages for personal injuries against Brookhaven and another defendant. Thereafter, Brookhaven moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated June 18, 2020, the Supreme Court, among other things, granted that branch of Brookhaven's motion. The plaintiff appeals.
"Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is a question of fact for the jury" (Dingman v Linchris Hotel Corp., 201 AD3d 704, 704-705). "A defendant seeking dismissal of a complaint on the basis that [an] alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79; see Dingman v Linchris Hotel Corp., 201 AD3d at 705). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere [*2]v County of Suffolk, 90 NY2d 976, 978 [internal quotation marks omitted]). There is no "minimal dimension test" or "per se rule" that the condition must be of a certain height or depth in order to be actionable (id. at 977 [internal quotation marks omitted]).
Here, Brookhaven failed to establish its prima facie entitlement to judgment as a matter of law on the ground that the alleged defect was trivial as a matter of law and therefore not actionable (see Parente v City of New York, 144 AD3d 1117, 118; Fasano v Green-Wood Cemetery, 21 AD3d 446). Brookhaven also failed to make a prima facie showing that the alleged defect was open and obvious and not inherently dangerous (see Stanger v City of New York, 190 AD3d 776, 777; Karpel v National Grid Generation, LLC, 174 AD3d 695, 697; Parente v City of New York, 144 AD3d at 1118). Further, Brookhaven failed to establish, prima facie, that it did not have constructive notice of the alleged dangerous condition (see Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599).
Accordingly, the Supreme Court should have denied that branch of Brookhaven's motion which was for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court