Drew v N&P USA Realty, LLC (2023 NY Slip Op 00648)

Drew v N&P USA Realty, LLC

2023 NY Slip Op 00648

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-09820
 (Index No. 710568/17)

[*1]Christopher Drew, appellant,
v
N & P USA Realty, LLC, respondent.

Scott Baron & Associates, P.C., Howard Beach, NY (Andrea R. Palmer of counsel), for appellant.
Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered August 5, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he tripped and fell on a defect in a parking lot owned by the defendant. The plaintiff subsequently commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint on the ground that the alleged defect was trivial and therefore not actionable as a matter of law. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
A property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d 976, 977; K.A. v City of New York, 188 AD3d 964, 965; Acevedo v City of Yonkers, 185 AD3d 762, 763). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77; Dingman v Linchris Hotel Corp., 201 AD3d 704, 705). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79).
Here, the defendant established, prima facie, that the alleged defect was trivial as a matter of law and therefore nonactionable (see Trincere v County of Suffolk, 90 NY2d at 977; Dingman v Linchris Hotel Corp., 201 AD3d at 704; Boesch v Comsewogue Sch. Dist., 195 AD3d 895). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court