Burtis v Town of Hempstead (2025 NY Slip Op 02181)

Burtis v Town of Hempstead

2025 NY Slip Op 02181

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-03054
 (Index No. 607667/21)

[*1]Cristin Burtis, appellant-respondent, 
v
Town of Hempstead, respondent-appellant, et al., defendants.

Sullivan Papain Block McGrath Coffinas & Cannavo P.C., Garden City, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for appellant-respondent.
Berkman, Henoch, Peterson & Peddy, P.C., Garden City, NY (Kenneth M. Seidell and Peter Sullivan of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Town of Hempstead cross-appeals, from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered March 8, 2023. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability against the defendant Town of Hempstead. The order, insofar as cross-appealed from, denied that branch of the cross-motion of the defendant Town of Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On September 30, 2020, the plaintiff was jogging on a sidewalk in the Town of Hempstead, adjacent to premises known as 119 Ava Drive, when she allegedly tripped and fell on a defective sidewalk, sustaining injuries. Thereafter, the plaintiff commenced this action against the defendants Wafa H. Khashan, the owner of the property known as 119 Ava Drive, and the Town, among others, to recover damages for personal injuries arising from the accident. Subsequently, the plaintiff moved for summary judgment on the issue of liability against the Town. The Town cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order entered March 8, 2023, the Supreme Court, among other things, denied the plaintiff's motion and that branch of the Town's cross-motion. The plaintiff appeals, and the Town cross-appeals.
"Generally, the issue of whether a dangerous or defective condition exists [on the property of another] depends on the facts of each case and is a question of fact for the jury" (Snyder v AFCO Avports Mgt., LLC, 232 AD3d 209, 212-213; see Trincere v County of Suffolk, 90 NY2d 976, 977). "However, property owners may not be held liable for trivial defects that, considering all the specific facts and circumstances of the case, not size alone, do not unreasonably imperil the safety of a pedestrian" (Snyder v AFCO Avports Mgt., LLC, at 213 [alterations and internal quotation marks omitted]). "In other words, even physically small defects are actionable when their [*2]surrounding circumstances or intrinsic characteristics make them difficult for a pedestrian to see or to identify as hazards or difficult to traverse safely on foot" (id. [internal quotation marks omitted]). "In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (id. [internal quotation marks omitted]).
"Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (id. [internal quotation marks omitted]). "[A] defendant may establish, prima facie, that an alleged defect was trivial as a matter of law and, thus, not actionable, even without submitting an objective measurement of the alleged defect's dimensions" (id. at 215). "However, . . . a defendant moving for summary judgment who does not submit an objective measurement of the alleged defect has greater difficulty and often fails to demonstrate triviality as a matter of law" (id.; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 82-84).
Here, the plaintiff did not demonstrate, as a matter of law, the existence of an actionable defect, nor did the Town demonstrate, as a matter of law, that the alleged defect was trivial. The plaintiff and the Town both relied upon the deposition testimony of the plaintiff and Khashan, which were in conflict as to the measurements of the alleged defect. Moreover, the photographs submitted by the plaintiff and the Town in support of their respective motions were not accompanied by objective measurements and did not otherwise establish, as a matter of law, that the defect was or was not trivial. Accordingly, the Supreme Court did not err in denying the plaintiff's motion for summary judgment on the issue of liability against the Town (see Curry v Eastern Extension, LLC, 202 AD3d 907, 908-909) or in denying that branch of the Town's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it based on its contention that the alleged defect was trivial (see Snyder v AFCO Avports Mgt., LLC, 232 AD3d at 217; Brenner v Herricks Union Free Sch. Dist., 106 AD3d 766, 767; cf. Kam Lin Chee v DiPaolo, 138 AD3d 780, 782-783).
Moreover, contrary to its contention, the Town did not show, prima facie, that the alleged condition was open and obvious and not inherently dangerous (see Butera v Brookhaven Mem. Hosp. Med. Ctr., Inc., 210 AD3d 1048, 1049; Parente v City of New York, 144 AD3d 1117, 1118; cf. Weiss v Half Hollow Hills Cent. School Dist., 70 AD3d 932, 933).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability against the Town and that branch of the Town's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court